**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CR-55-TCK |
| ) | |
| ISRAEL BANUELOS, ) | Civil No. 10-CV-47-TCK-TLW |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 201) ("§ 2255 Motion"); Defendant's Supplement to § 2255 Motion ("Supplement") (Doc. 207); and the United States' Motion to Dismiss (Doc. 208). The § 2255 Motion and Supplement were filed on behalf of Defendant by retained counsel, Mr. Art Fleak.

**I.   Background**

On September 4, 2008, Defendant Israel Banuelos ("Defendant") and three other defendants were charged by Third Superseding Indictment. Defendant was charged with all four counts of the Third Superseding Indictment: (1) conspiracy to possess 50 grams or more methamphetamine; (2) possession with intent to distribute 100 kilograms or more of marijuana; (3) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana; and (4) opening and maintaining a place located at 1540 South 140th East Avenue, Tulsa, Oklahoma, for the purpose of manufacturing, distributing, and using marijuana.[1] Defendant retained Mr. Paul Brunton and Mr. Robert Durbin ("Counsel"), both of whom represented him during Defendant's suppression hearing, change of plea, and sentencing.

---

[1] Defendant was the only defendant charged with Count 4.

On September 25, 2008, after the Court denied his motion to suppress, Defendant pled guilty to Counts 2 and 3 of the Third Superseding Indictment. As part of his plea, Defendant entered into a Plea Agreement, which contained the following language under the heading "Appellate and Post-Conviction Waiver":

> In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees to the following terms:
> . . .
> d. The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver
> . . . .

(*See* Doc. 135 at 3-4.) This section is hereinafter referred to as the "Waiver."

On February 3, 2009, Counsel filed Defendant's Sentencing Memorandum and Request for a Downward Adjustment or Variance ("Motion for Variance") (Doc. 175),[2] wherein Counsel argued: (1) Defendant should not receive "leader/organizer" enhancements; (2) Defendant should not receive an "obstruction of justice" enhancement; and (3) Defendant is entitled to a downward adjustment or variance based on various factors under 18 U.S.C. § 3553(a). As to the first two arguments, Counsel argued that they intended to factually refute the Presentence Report's ("PSR") conclusion that such enhancements should apply with the testimony of co-defendant Jose Jiminez. As to the third argument, Counsel emphasized Defendant's lack of criminal history, his 2005 kidney replacement, and his strong family ties in Tulsa, Oklahoma.

---

[2] The Court is puzzled by Defendant's assertion in his § 2255 Motion that Counsel filed a "motion for downward departure" and that "a motion for downward *variance* was not filed, and probably would have been more appropriate." (Doc. 201 at 3.) The motion was styled as a motion for variance and requested that the Court "consider a variance." (Doc. 175 at 1.)

At the sentencing hearing held February 4, 2009, Mr. Durbin stated: "Mr. Brunton raised the issue of variance in our sentencing memorandum. We are abandoning that at this point in time, Judge, and arguing . . . for a consideration of the minimum side of the guidelines in the 108-month range." (Tr. Sent. Hr'g, Doc. 199, at 6.) During sentencing, the Court stated:

> The defendant has filed a motion in Docket No. 175 for a sentencing variance. That motion has now been withdrawn. However, just for the record, the lack of criminal history and medical condition and strong family ties citing with that motion for variance have been considered in the court's determination of sentencing in the case.

(*Id.* at 8.) The Court sentenced Defendant to 110 months on Counts 2 and 3, to run concurrently. The sentence was within the guidelines range of 108-135 months. Defendant did not file a direct appeal.

Now pending before the Court are Defendant's § 2255 Motion and Supplement. In the § 2255 Motion, Defendant contends:

> [R]etained counsel were ineffective at the time of his guilty plea and the filing of the plea agreement for [1] failing to have a Spanish/English interpreter; [2] for failing to explain to him that they would not file or argue for a downward variance at the time of his sentencing; [3] for not arguing for a downward variance; [and] [4] for not arguing against the upward addition of being a manager/supervisor . . . .

(Doc. 201 at 4.) In his prayer for relief, Defendant "asks the Court to order a new sentencing hearing, and resentence him within the statutory range, without regard to the guideline minimum of 108-months, and sentence him to 60-months incarceration." (*Id.* at 20-21.) In the Supplement, Defendant argues that the United States Supreme Court case of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) (holding that counsel engaged in deficient performance by failing to advise the defendant that guilty plea made him subject to automatic deportation), also warrants post-conviction relief because Counsel did not inform Defendant of the possible immigration consequences of his guilty plea. As relief in the Supplement, Defendant requests an "order setting aside his plea of guilty and/or

3

reducing his sentence." (Doc. 207 at 3-4.) Thus, Defendant moves the Court to set aside his guilty plea and/or reduce his sentence.

## II.     § 2255 Motion

The Court construes the § 2255 Motion as raising four grounds of ineffective assistance of counsel: (1) Counsel's failure to have a Spanish/English interpreter present during plea discussions, plea negotiations, and during the plea hearing ("Ground 1"); (2) Counsel's failure to explain, prior to Defendant's entry of a guilty plea, that they would not file or argue for a downward variance at the time of sentencing ("Ground 2"); (3) Counsel's failure to argue for a downward variance ("Ground 3"); (4) Counsel's failure to object to the PSR's classification of Defendant as a leader/organizer ("Ground 4").

### A.     Non-Waived Claims  - Grounds 1 and 2

The Court concludes that Grounds 1 and 2 attack the validity of the guilty plea itself and are therefore not within the scope of the Waiver. (*See* Doc. 135 at 4 (excepting any "claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver").) Therefore, the Court must determine if these ineffective assistance of counsel claims entitle Defendant to any relief.

The two-part standard governing ineffective assistance of counsel claims, first set forth in *Strickland v. Washingston*, 466 U.S. 668 (1984), applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) ("[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."); *Williams v. Jones*, 571 F.3d 1086, 1090 n.3 (10th Cir. 2009) (noting that same test applies whether allegedly deficient performance results in acceptance or denial of a plea agreement). In order to

prevail under this standard, Defendant must show that (1) Counsel's performance fell below an objective standard of reasonableness; and (2) Counsel's performance was so prejudicial "there is a reasonable probability that, but for his unprofessional errors, the result of the proceeding would have been different." *See United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

Analysis of the first prong does not change in the context of a guilty plea. *See Hill*, 474 U.S. at 59. A defendant establishes the first prong by showing that his counsel performed below the level expected from a reasonably competent attorney in criminal cases. *Strickland*, 466 U.S. at 687-88. A court must judge counsel's conduct on the facts of each particular case and as of the time of counsel's allegedly deficient conduct. *Id.* at 690. A court's review of counsel's performance is highly deferential. *Id.* at 689. To establish the second prong, in the context of a guilty plea, a defendant must show that there is a reasonable probability that, but for the alleged error, the defendant "would not have pleaded guilty and would have insisted on going to trial." *See id.* (explaining prejudice prong in context of allegation that ineffective assistance led to guilty plea).

### 1. Counsel's Failure to Request an Interpreter

Defendant's contention that Counsel were ineffective by failing to have an interpreter present during the plea hearing is not supported by the record. The Court had a lengthy Rule 11 plea colloquy with Defendant. Defendant communicated with the Court, did not request an interpreter, and demonstrated no difficulty understanding the English language or the nature of the proceeding. The Court confirmed that Defendant had completed high school in Tulsa, Oklahoma and that he had the ability to read, write, and understand English. The Court was persuaded, and remains persuaded, that Defendant had the ability to understand the plea agreement and plea hearing without the aid of an interpreter. Therefore, Counsel's performance was not deficient or ineffective by failing to

5

request an interpreter to be present for the plea hearing. *See generally United States v. Hernandez-Martinez*, No. 07-3218, 2007 WL 3088223, at * 2 (10th Cir. Oct. 23, 2007) (rejecting defendant's argument that his appeal waiver was not knowing and voluntary where record of plea hearing indicated full understanding of English, defendant did not request the use of a translator, and defendant never indicated difficulty understanding English); *United States v. Soto-Diarte*, Nos. 06-20142-03, 08-2246, 2008 WL 4951414, at * 2-3 (D. Kan. Nov. 14, 2008) (rejecting argument that plea was not entered knowingly where all proceedings were conducted in English, record did not reveal any instance of misunderstanding or confusion by the defendant, and the court "was entirely comfortable with [the defendant's] demonstrated level of comprehension and his ability to communicate").

### 2. Counsel's Failures to Advise Regarding Possible Sentence

Defendant next argues that Counsel was ineffective by informing him, prior to his plea agreement, that they would seek a sentencing variance and/or object to any leader/organizer classification.[3] The Tenth Circuit has held that a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir.1993). Further, "[a]n erroneous sentence estimate by defense counsel does not render a plea involuntary." *Wellnitz v. Page*, 420 F.2d 935, 937 (10th Cir.1970). If an erroneous sentence calculation does not generally give rise to deficient performance, the Court finds that Counsel's alleged erroneous statement of intent to seek a variance does not give rise to a showing of deficient performance in this case.

---

[3] At the time of the plea, Counsel likely intended to file such a motion and in fact did so. Counsel later made a decision to withdraw such motion prior to the hearing.

Counsel's ultimate decision to urge a motion for variance depends on several factors not known at the time of the plea, including the PSR's recommendation and the evidence that will be available during sentencing. Counsel's statements that they would seek a variance, which turned out to be erroneous, do not demonstrate deficient performance in advising Defendant during the plea process.

Further, assuming Counsel was deficient in wrongly predicting that they would seek a variance, Defendant has not shown that, absent the deficient performance, he would have proceeded to trial. Defendant was informed, prior to entering his plea, that the Court had ultimate discretion in sentencing and that any sentence estimates given by Counsel were only estimates. Thus, the Court is not persuaded that Defendant was so misinformed about the possible length of sentence as to render his guilty plea involuntary or ineffective.

### B.    Waived Claims - Grounds 3 and 4

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has outlined a three-prong test for determining whether a defendant has waived appellate rights in a plea agreement, *see United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), and has extended such analysis to waivers of collateral review rights, *see United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006). Thus, a defendant's waiver of collateral review rights is binding if: (1) the scope of the waiver covers the collateral attack; (2) the waiver was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325; *Wales*, 2006 WL 950655 at * 2

(applying *Hahn* in context of waiver of collateral review rights); *United States v. Jackson*, No. 05-CR-58-C.E., 2007 WL 1690963, at *4 (N.D. Okla. June 11, 2007) (same).

### 1. Scope

Grounds 3 and 4 do not attack the validity of Defendant's guilty plea or the Waiver. Instead, such grounds relate solely to Counsel's failures during the sentencing proceeding. Thus, Grounds 3 and 4 are covered by the scope of the waiver. *See Cockerham*, 237 F.3d at 1188 (holding that the defendant's argument that counsel was ineffective by failing to require the government to present certain proof during sentencing hearing was not an attack on the validity of the plea and was waived by post-conviction waiver in plea agreement). With respect to Grounds 3 and 4, the Court must proceed to analyze whether the two remaining requirements for waiver are satisfied.

### 2. Knowing and Voluntary

When deciding whether a waiver is knowing and voluntary, a court looks to two factors: (1) whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily, and (2) the adequacy of the Rule 11 plea colloquy. *Hahn*, 359 F.3d at 1325. A defendant bears the burden of showing that he did not knowingly and voluntarily enter into the plea agreement. *Id.* at 1329.

Upon review of the Rule 11 colloquy, the plea agreement, and the petition to enter a plea of guilty, the Court finds that they were entered knowingly and voluntarily for several reasons. First, the plea agreement and the petition to enter a plea of guilty are both signed by Defendant, and both state that Defendant entered the plea agreement knowingly and voluntarily. Second, the Court conducted a thorough Rule 11 plea colloquy before accepting Defendant's plea. The Court addressed Defendant personally and ensured that the plea was voluntary and did not result from

8

force, threats, or promises other than the promises contained in the plea agreement. The Court also reviewed the Waiver with Defendant, and Defendant indicated that he understood the Waiver. *See Jackson*, 2007 WL 1690963, at *6 (analyzing similar factors in determining whether a waiver was entered knowingly and voluntarily). Finally, the Court has found that Defendant sufficiently understood the English language, such that his plea was knowing and voluntary without the aid of an interpreter. *See infra* Part II.A.

### 3. <u>Miscarriage of Justice</u>

An appellate or post-conviction waiver results in a miscarriage of justice only (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, and (4) where the waiver is otherwise unlawful. *See Hahn*, 359 F.3d at 1327. With respect to the fourth factor, a waiver is "otherwise unlawful" only if a court committed plain error that affects a defendant's "substantial rights." *See id.* at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The first three examples of potential miscarriages of justice are not applicable. The Court also concludes that precluding Grounds 3 and 4 as waived will not seriously affect the fairness, integrity, or public reputation of judicial proceedings. Grounds 3 and 4 relate to Counsel's failures during sentencing, which is wholly discretionary with the Court. The Court's imposition of a guidelines sentence did not result in any plain error or other miscarriage of justice. Further, the Court was well aware of Defendant's personal history and characteristics explained in Defendant's

§ 2255 Motion and its ability to impose a non-guidelines sentence. Therefore, Grounds 3 and 4 are barred by the Waiver.

### III. Supplement - *Padilla* Argument

The Tenth Circuit has held that *Padilla* does not apply retroactively to cases on collateral review. *United States v. Chang Hong*, 671 F.3d 1147, 1159 (10th Cir. 2011) ("In sum, we find *Padilla* did not announce a new watershed rule of criminal procedure that affects the fundamental fairness and accuracy of a criminal proceeding. It is not within either of the extremely narrow *Teague* exceptions to the retroactivity bar. Therefore, *Padilla* is a new rule of constitutional law but does not apply retroactively to cases on collateral review."). Therefore, Defendant is not entitled to rely upon 28 U.S.C. § 2255(f)(3) for purposes of raising the *Padilla* argument. *See id.* ("Because *Padilla* does not apply retroactively to cases on collateral review, the limitations period under § 2255(f)(3) does not apply here."); *see also* 28 U.S.C. § 2255(f)(3) (permitting filing within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Because 28 U.S.C. § 2255(f)(3) is not applicable, the Supplement is outside the statute of limitations period, as it was filed more than one year following the date that Defendant's conviction became final. Therefore, the Supplement (Doc. 207) is untimely and dismissed for lack of jurisdiction.

### IV. Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate

of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**V.     Conclusion**

Defendant's § 2255 Motion (Doc. 201) is DENIED. Grounds 1 and 2 are DENIED as without merit. Grounds 3 and 4 are DISMISSED as untimely and outside the scope of the Court's jurisdiction. Defendant's Supplement (Doc. 207) is DISMISSED as untimely and outside the scope of the Court's jurisdiction. The United States' Motion to Dismiss (Doc. 208) is GRANTED in part and DENIED in part as set forth herein. A separate judgment will be entered.

**SO ORDERED this 23rd day of August, 2012.**

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**